**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JUN 8 2022

FOR THE NINTH CIRCUIT



| | |
|---|---|
| LUIS ALCIDES GUZMAN-NERIO, AKA Alfredo Miranda, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 15-72558 <br><br> Agency No. A095-079-453 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 1, 2022[**]

Before:      FRIEDLAND, SANCHEZ, and H. THOMAS, Circuit Judges.

Luis Alcides Guzman-Nerio, a native and citizen of El Salvador, petitions

pro se for review of the Board of Immigration Appeals' order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

To overturn an adverse credibility determination, we must find that the evidence not only supports a contrary conclusion but compels it. *Ming Dai v. Garland*, 9 F.4th 1142, 1145 (9th Cir. 2021). Substantial evidence supports the agency's adverse credibility determination because Guzman-Nerio's testimony that he never returned to El Salvador after arriving in the United States was inconsistent with his passport, which showed a return trip of approximately six weeks in 2000. The agency was not required to credit his explanation. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011); *see also Loho v. Mukasey*, 531 F.3d 1016, 1017-18 (9th Cir. 2008) (observing that a history of returning to a country can support an adverse credibility determination with regard to past persecution or a well-founded fear of future persecution in that country).

Substantial evidence also supports the agency's alternative conclusion that even assuming Guzman-Nerio were credible, he failed to establish that he would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d

15-72558

1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").  Thus, his asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT protection because Guzman-Nerio failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**